| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| 2 | JOHN L. SLAFSKY, State Bar No. 195513 |
| | HOLLIS BETH HIRE, State Bar No. 203651 |
| 3 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 4 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 5 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 6 | Email: dkramer@wsgr.com |

ORIGINAL FILED

06 NOV 28 AM 10: 54

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

ADR

Attorneys for Plaintiffs
Lucasfilm Ltd. and Lucasfilm
Entertainment Company Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C06  07317  RMW   HRL

| | | |
|---|---|---|
| LUCASFILM LTD. and LUCASFILM ENTERTAINMENT COMPANY LTD., | ) | CASE NO.: |
| | ) | |
| Plaintiffs, | ) | COMPLAINT FOR INFRINGEMENT OF TRADEMARKS AND TRADE DRESS, DILUTION OF TRADEMARKS AND TRADE DRESS, UNFAIR COMPETITION, AND FALSE ADVERTISING |
| v. | ) | |
| WILLIAM L. OSBURN dba HIGH-TECH MAGIC, and DOES 1-10, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |
| | ) | CERTIFICATION OF INTERESTED PARTIES |

Plaintiffs Lucasfilm Ltd. and Lucasfilm Entertainment Company Ltd. (collectively, "Lucasfilm" or "Plaintiffs") hereby allege for their Complaint against Defendants William L. Osburn dba High-Tech Magic and Does 1-10 (collectively, "High-Tech Magic" or "Defendants") on personal knowledge as to their own actions and on information and belief as to the actions of others as follows:

**THE PARTIES**

1.  Plaintiff Lucasfilm Ltd. is a privately held corporation organized and existing under the laws of the State of California, with its principal place of business in Marin County, California.

COMPLAINT

2. Plaintiff Lucasfilm Entertainment Company Ltd., an affiliated company and subsidiary of Lucasfilm Ltd., is a privately held corporation organized and existing under the laws of the State of California, with its principal place of business in Marin County, California.

3. Defendant William L. Osburn is an individual residing in the State of Maryland and doing business as High-Tech Magic at the web address www.high-techmagic.com and at the street address 2616 Colpepper Road, Abingdon, MD 21009.

4. Does 1 through 10 are individuals or entities, the true names of which are not known to Lucasfilm at this time. Lucasfilm therefore sues all those Defendants by fictitious names. Leave of Court will be sought to insert the true names of Does 1-10 when they are ascertained. Lucasfilm is informed and believes, and therefore alleges, that each of these fictitiously named Defendants are involved in the business of advertising and offering for sale goods at the website www.high-techmagic.com, that each Defendant is responsible in some manner for the conduct alleged in this action, and that Lucasfilm's damages and injury as alleged in this action were proximately caused by such Defendants. These Defendants, along with William L. Osburn, are referred to collectively as "High-Tech Magic" or "Defendants."

## JURISDICTION AND VENUE

5. This action for infringement of trademarks and trade dress, dilution of trademarks and trade dress, unfair competition, and false advertising arises under 15 U.S.C. §§ 1114, 1125(a), 1125(c), California Business and Professions Code §§ 17200 & 17500, and the common law.

6. This Court has original jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims as well as jurisdiction under 28 U.S.C. § 1338(b) because the state law claims are joined to a substantial and related trademark claim.

7. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the benefits and protections of California law. Defendants have been doing business in California, namely, by advertising and shipping goods to this state. Moreover, Defendants' wrongful intentional acts were expressly aimed at Plaintiffs, California

corporations with their principal places of business in California, and such acts caused harm that Defendants knew or should have known was likely to be suffered in California.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Plaintiffs' principal places of business are in this district, and Plaintiffs have suffered harm in this district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c), this action may be assigned on a District-wide basis because it is an Intellectual Property Action.

## BACKGROUND

10. High-Tech Magic has engaged in the unauthorized use of Lucasfilm's trademarks and trade dress to promote, advertise and sell infringing goods.

**Lucasfilm's Trademarks and Trade Dress**

11. Lucasfilm Ltd. is one of the most celebrated film and entertainment companies in the world, producing some of the most famous motion pictures ever created. Lucasfilm Ltd. and its related companies and facilities have won over 30 Academy Awards and 12 Emmy Awards, including many for innovation in the field of visual effects.

12. Lucasfilm Ltd. is the producer of the epic Star Wars film series, the creation of writer-producer-director George Lucas. Ever since the first Star Wars film premiered in 1977, the Star Wars saga has been a world-wide cultural phenomenon. Star Wars broke all box office records and spawned a series of five more feature films (collectively, the "Star Wars Motion Pictures"), each of which is among the highest grossing motion pictures in United States box office history.

13. As proclaimed in the introduction to the Star Wars Motion Pictures, the Star Wars saga takes place "a long time ago in a galaxy far, far away." Over the course of three decades, the Star Wars Motion Pictures have transported audiences to exotic planets where good and evil engage in an epic struggle to control the universe. The climactic scenes of the Star Wars Motion Pictures feature exciting and memorable duels between the heroes (Jedi Knights), and the villains (Sith Lords), using swords of pure energy, called Lightsabers.

COMPLAINT

14. The immense popularity of the Star Wars Motion Pictures created a world-wide market for Star Wars licensed products including action figures, costumes, role-playing toys, books, comics, video games, trading cards, and numerous other products. Lucasfilm Ltd. and its affiliated company Lucasfilm Entertainment Company Ltd. oversee the manufacture, licensing, promotion, and sales of the consumer products business for Star Wars. Licensing of products related to the Star Wars Motion Pictures generates substantial revenue for Lucasfilm.

15. Prominent among Lucasfilm's licensed products are replicas of the Star Wars Lightsaber swords featured in the Star Wars Motion Pictures ("Star Wars Lightsaber Swords"). The Star Wars Lightsaber Swords feature a combination of elements including a cylindrical blade, which is slightly tapered at the tip, and which lights up with bright, glowing color from the base of a silver and black hilt to the top of the blade (the "Lightsaber Trade Dress"). Lucasfilm has used the Lightsaber Trade Dress continuously since the premiere of the first Star Wars film in 1977.

16. Star Wars Lightsaber Swords are central symbols in the Star Wars Motion Pictures. To date, tens of millions of licensed Star Wars Lightsaber Swords have been purchased by the general public. In 2005 alone, Lucasfilm's licensees sold over 10,000,000 replica Star Wars Lightsaber Swords. Lucasfilm and its licensees also display Star Wars Lightsaber Swords prominently on and in connection with the sale of other licensed Star Wars products.

17. Lucasfilm owns numerous U.S. trademark registrations covering role-playing toys and toy weapons, including STAR WARS (Reg. No. 2487818); LIGHTSABER (Reg. Nos. 1126220 and 2772052); JEDI (Reg. No. 2595365); THE FORCE (Reg. No. 2884498), and DARTH MAUL (Reg. No. 2540704) (collectively, the "Lucasfilm Trademarks").

18. The Lucasfilm Trademarks (except for DARTH MAUL, which first appeared in a later film released in 1999) have been in continuous use in interstate and international commerce by Lucasfilm and its licensees in connection with the sale of toys related to the STAR WARS Motion Pictures since at least as early as the premiere of the first Star Wars film in 1977.

19. As a result of the phenomenal success of the Star Wars Motion Pictures and three decades of extensive marketing and promotion in and on Star Wars related advertising,

COMPLAINT                                                         4

packaging and products, the Lucasfilm Trademarks and the Lightsaber Trade Dress are famous, have acquired secondary meaning in connection with the sale of Star Wars related products, and are strongly associated with Lucasfilm and the Star Wars Motion Pictures in the minds of the general public.

**Defendants' Infringing Conduct**

20. Defendants have willfully used the Lucasfilm Trademarks in connection with the unauthorized advertisement and sale of Defendants' own versions of Lucasfilm's Star Wars Lightsaber Swords on their website at www.High-TechMagic.com.

21. When entering the High-Tech Magic website, consumers are greeted with a statement that "We do Star Wars™ LIGHT SABRES." [sic] The statement appears next to a picture showing a man holding a product embodying a look and feel which is identical or confusingly similar to the Lightsaber Trade Dress (the "Infringing Product"). The web page also allows visitors to click on a link that connects the consumer to various "Star Wars" products featured on the site.

22. Once the consumer clicks on the link to the "Star Wars" products, a new web page opens, titled "Star Wars™ Light Sabers." Next to the same picture of a man holding an Infringing Product, the website states: "Do you like Star Wars™? Would you like to own a Star Wars™ Lightsaber that looks as good as those in the movies? High-Tech Magic sells electronic Lightsabres at a reasonable price." [sic] This web page repeatedly displays the trademarks STAR WARS, JEDI, and THE FORCE, in addition to the mark LIGHTSABER, in connection with the sale of unauthorized Infringing Products.

23. From this web page, a button labeled "Star Wars" leads the consumer to the full Infringing Products online catalogue page. The catalogue page is titled "Star Wars Products," and the trademarks STAR WARS, LIGHTSABER, and THE FORCE are featured prominently and repeated numerous times within the body of the web page in connection with the sale of Infringing Products and their component parts. The web page also features the character name (and Lucasfilm trademark) DARTH MAUL in connection with an Infringing Product which is

identical or confusingly similar to the red, double-headed Star Wars Lightsaber Sword that is associated with that particular character.

24. High-Tech Magic is also using Lucasfilm's STAR WARS and LIGHTSABER trademarks as metatags in the HTML code for its website. The website's metatags, which can affect the prominence of the website in some Internet search engine results, read: <META content="Star Wars Lightsabers,Light Sabres,Plasma Sabers,Electroluminescent lightsabers,EL lightsabers,high-tech" name=KEYWORDS>.

**Irreparable Harm to Lucasfilm**

25. Defendants' use of the Lucasfilm Trademarks and the Lightsaber Trade Dress is likely to cause confusion or mistake or deception of purchasers as to the source of origin of Defendants' goods.

26. Because of the confusion as to source engendered by Defendants' use of the Lucasfilm Trademarks and the Star Wars Lightsaber Trade Dress, purchasers are likely to purchase goods sold on Defendants' website believing they are Lucasfilm's products, associated or affiliated with Lucasfilm, or sponsored or endorsed by Lucasfilm, thereby resulting in a loss of sales for Lucasfilm.

27. Because of the confusion as to source engendered by Defendants' use of the Lucasfilm Trademarks and the Lightsaber Trade Dress, Lucasfilm's valuable goodwill is at the mercy of Defendants, and the quality, or lack thereof, of Defendants' related goods. Defendants' conduct threatens irreparable injury to Lucasfilm's goodwill, business, and reputation.

28. Defendants' actions in violation of Lucasfilm's trademark and trade dress rights have been willful, malicious, and in complete disregard of Lucasfilm's interests.

29. Lucasfilm has been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

30. Defendants' wrongful conduct has caused and is continuing to cause irreparable injury to Lucasfilm and to the business, reputation, and goodwill represented thereby, and unless enjoined will cause further irreparable injury, from which Lucasfilm has no adequate remedy at law.

## FIRST CAUSE OF ACTION

Infringement of Registered Trademarks

(15 U.S.C. § 1114)

31. Lucasfilm hereby incorporates and realleges the allegations of paragraphs 1 through 30 above.

32. Lucasfilm is the owner of federal trademark registrations for STAR WARS, LIGHTSABER, JEDI, THE FORCE, and DARTH MAUL.

33. Defendants have used in commerce, without Lucasfilm's consent, trademarks that are identical to Lucasfilm's federally registered marks in connection with identical or confusingly similar goods.

34. Defendants' use of the Lucasfilm Trademarks is likely to cause confusion, mistake, or deception among consumers.

35. As a consequence of Defendants' infringement of the Lucasfilm Trademarks, Lucasfilm is entitled to an injunction as set forth below, an order of destruction of all Defendants' infringing materials, Defendants' profits, Lucasfilm's damages, and Lucasfilm's costs of action. Moreover, because this is an exceptional case, involving willful misconduct by Defendants, Lucasfilm is entitled to recover treble damages, treble profits, and attorneys' fees.

## SECOND CAUSE OF ACTION

Violation of Lanham Act § 43(a)

(15 U.S.C. § 1125(a))

36. Lucasfilm incorporates and realleges the allegations of paragraphs 1 through 35 above.

37. Defendants' conduct, including its use in commerce of trademarks and trade dress that is identical or confusingly similar to the Lucasfilm Trademarks and the Lightsaber Trade Dress, is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' goods. Further, Defendants' acts described above constitute false representations of fact that are also likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' goods.

38. As a consequence of Defendants' infringement of the Lucasfilm Trademarks and the Lightsaber Trade Dress, Lucasfilm is entitled to an injunction as set forth below, an order of destruction of all Defendants' infringing materials, Defendants' profits, Lucasfilm's damages, and Lucasfilm's costs of action. Moreover, because this is an exceptional case, involving willful misconduct by Defendants, Lucasfilm is entitled to recover treble damages, treble profits, and attorneys' fees.

### THIRD CAUSE OF ACTION

Violation of Lanham Act § 43(c)

(15 U.S.C. § 1125(c))

39. Lucasfilm incorporates and realleges the allegations of paragraphs 1 through 38 above.

40. The Lucasfilm Trademarks and the Lightsaber Trade Dress are famous and distinctive, and were famous and distinctive before Defendants began the commercial activities complained of in this action.

41. Defendants' commercial use of the Lucasfilm Trademarks and the Lightsaber Trade Dress has caused dilution of the distinctive quality of Lucasfilm's trademarks and trade dress. Defendants willfully intended to cause dilution of Lucasfilm's famous trademarks and trade dress.

42. As a consequence of Defendants' willful dilution of the Lucasfilm Trademarks and the Lightsaber Trade Dress, Lucasfilm is entitled to an injunction as set forth below, an order of destruction of all Defendants' dilutive materials, Defendants' profits, Lucasfilm's damages, and Lucasfilm's costs of action. Moreover, because this is an exceptional case, involving willful misconduct by Defendants, Lucasfilm is entitled to recover treble damages, treble profits, and attorneys' fees.

### FOURTH CAUSE OF ACTION

Common Law Infringement of Trademarks

43. Lucasfilm repeats and realleges the allegations of paragraphs 1 through 42 above.

COMPLAINT                                    8

44. Defendants' conduct constitutes willful trademark and trade dress infringement under the common law of the State of California.

45. Defendants' actions described above have greatly and irreparably damaged Lucasfilm and will continue to damage Lucasfilm unless enjoined by this Court. Lucasfilm is entitled to an injunction as well as damages to be proved at trial. Moreover, because of Defendants' willful and malicious conduct, Lucasfilm is entitled to exemplary damages in an amount to be determined by a jury.

## FIFTH CAUSE OF ACTION

Common Law Unfair Competition

46. Lucasfilm repeats and realleges the allegations of paragraphs 1 through 45 above.

47. Defendants' acts as described above constitute unfair competition in violation of the common law of the State of California.

48. Defendants' acts described above have greatly and irreparably damaged Lucasfilm and will continue to damage Lucasfilm unless enjoined by this Court. Lucasfilm is entitled to an injunction as set forth below, as well as damages to be proved at trial.

## SIXTH CAUSE OF ACTION

Unfair Competition

(Cal. Bus. & Prof. Code § 17200 et seq.)

49. Lucasfilm repeats and realleges the allegations of paragraphs 1 through 48 above.

50. Defendants' use of trademarks and trade dress that is identical or confusingly similar to those used by Lucasfilm constitutes unfair deceptive, untrue, and misleading advertising.

51. Defendants' acts described above are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Bus. & Prof. Code § 17200 et seq.

52. Defendants' acts described above have greatly and irreparably damaged Lucasfilm and will continue to damage Lucasfilm unless enjoined by this Court. Accordingly,

1  Lucasfilm is entitled to an injunction under Cal. Bus. & Prof. Code § 17203, as well as
2  restitution and disgorgement of Defendants' profits.

## SEVENTH CAUSE OF ACTION

False and Deceptive Advertising

(Cal. Bus. & Prof. Code § 17500 et seq.)

6  53.  Lucasfilm repeats and realleges the allegations of paragraphs 1 through 52 above.

7  54.  Defendants' ongoing offers to sell its goods in connection with the Lucasfilm Trademarks and the Lightsaber Trade Dress are disseminated to and received by the public in California. Defendants have engaged in these actions with the intent to sell its goods, and/or to induce the public to purchase Defendants' goods. Such actions (which are likely to deceive the public as to the source, sponsorship, affiliation, or approval of Defendants' goods) constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. & Prof. Code § 17500 et seq.

13  55.  Defendants' acts described above have greatly and irreparably damaged Lucasfilm and will continue to damage Lucasfilm unless enjoined by this Court. Accordingly, Lucasfilm is entitled to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement of Defendants' profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

a.  That the Court preliminarily and permanently enjoin Defendants, their subsidiaries, parent, and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees of those companies or individuals, and all others in active concert or participation with Defendants, from using any of Lucasfilm's trademarks or trade dress, in particular the trademarks STAR WARS, LIGHTSABER, JEDI, THE FORCE, or DARTH MAUL, or the Lightsaber Trade Dress, or any trademark or trade dress that is likely to cause confusion with, or cause dilution of, any of Lucasfilm's trademarks or trade dress, in particular the trademarks STAR WARS, LIGHTSABER, JEDI, THE FORCE, or DARTH MAUL, or the Lightsaber Trade Dress;

b.	That the Court require Defendants to destroy all infringing merchandise;

c.	That the Court order Defendants, and all others enjoined in this action, to file with the Court and serve on Lucasfilm within 30 days of the Order an affidavit setting forth in detail the manner in which they have complied with the terms of the Order;

d.	That the Court require Defendants to account for and pay to Lucasfilm treble the amount of all profits derived by Defendants as a result of the acts alleged in this action;

e.	That the Court require Defendants to pay to Lucasfilm treble the amount of all damages incurred by Lucasfilm by reason of Defendants' acts alleged in this action;

f.	That the Court order Defendants to make restitution to Lucasfilm for the amounts derived by virtue of Defendants' unfair business practices.

g.	That the Court award Lucasfilm the costs of this action, together with reasonable attorneys' fees and disbursements;

h.	That the Court grant such other and further relief as the Court deems just and proper.

Dated: November 28, 2006                                WILSON SONSINI GOODRICH & ROSATI

By: _____DH K_____
DAVID H. KRAMER

Attorneys for Plaintiffs Lucasfilm Ltd. and
Lucasfilm Entertainment Company Ltd.

COMPLAINT                                              -11-

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

3

4   Dated: November 28, 2006                          WILSON SONSINI GOODRICH & ROSATI

5

6

7                                          By:   /s/ DHK
                                                 DAVID H. KRAMER
8

9                                                Attorneys for Plaintiffs Lucasfilm Ltd. and
                                                 Lucasfilm Entertainment Company Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY                                  -1-

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: November 28, 2006                            WILSON SONSINI GOODRICH & ROSATI

By: /s/ DH Kr
<u>DAVID H. KRAMER</u>

Attorneys for Plaintiffs Lucasfilm Ltd. and Lucasfilm Entertainment Company Ltd.